# IN THE COURT OF APPEALS OF IOWA

No. 24-1539
Filed August 20, 2025

**DIEUDONNE MANIRABARUTA,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Justin Lightfoot, Judge.

An applicant appeals the denial of relief in two postconviction actions.
**AFFIRMED.**

Des C. Leehey, Cedar Rapids, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Dieudonne Manirabaruta appeals the district court's denial of postconviction relief (PCR) concerning ineffective-assistance-of-counsel in two cases.[1] He asserts that in each case he was not adequately advised of potential immigration consequences before pleading guilty. Manirabaruta also raises claims concerning a motion in arrest of judgment in one of the cases. Upon our review, we affirm.

**I.       Background Facts and Proceedings**

In FECR124304, Manirabaruta pled guilty to second-degree theft and was sentenced in 2018. He later filed an application for PCR. The application was granted in 2019, after the parties stipulated that Manirabaruta received ineffective representation concerning possible immigration consequences. The conviction was vacated, and the charges were reinstated. Manirabaruta's PCR counsel continued to represent him on the reinstated charges.

A jury trial in this case began in 2020. But Manirabaruta filed a notice of intent to plead guilty on the first day of trial. At the plea hearing, Manirabaruta confirmed the plea agreement was meant to mitigate possible immigration consequences and articulated he understood those consequences. He also stated he knew there was no guarantee these consequences would be avoided by pleading guilty, and he was satisfied with the advice provided by his attorney.

In FECR131799, Manirabaruta was charged in 2019 with theft in the first-degree and attempted eluding. He later entered an *Alford* plea.[2] After the entry of the plea, Manirabaruta requested to withdraw his plea and requested new counsel.

---

[1] The underlying cases are Linn County FECR124304 and FECR131799.
[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

Manirabaruta alleged that his attorney refused to file a motion in arrest of judgment and had failed to explain that an *Alford* plea was a plea of guilty. His attorney determined it was inappropriate to file a motion in arrest of judgment because there was not a legitimate basis to file the motion based on the validity of the plea.

At the plea hearing in FECR131799, counsel stated that he and counsel in the other case explained potential immigration consequences to Manirabaruta, including detention, exclusion, and removal. Counsel informed the court that Manirabaruta understood these potential consequences, and he pled guilty with full knowledge. Manirabaruta also confirmed to the court that he understood the potential consequences of his *Alford* plea.

The district court's colloquy was consistent with an *Alford* plea, and the court assured the plea was intelligently and voluntarily made. Later, Manirabaruta requested new counsel because he felt his plea in FECR131799 was against his interests, he was misinformed by counsel, and counsel failed to file a motion in arrest of judgment. The court approved his motion for new counsel and appointed the attorney who was representing him in the remanded case. New counsel then filed a motion in arrest of judgment, but it was untimely.

Manirabaruta filed a PCR application alleging ineffective representation in both cases. The district court denied relief on all claims. And Manirabaruta was deported in late February 2024. He appeals, alleging counsel was ineffective in FECR124304 in failing to inform him of potential immigration consequences of his guilty plea. Likewise, he asserts counsel was ineffective in FECR131799 by not informing him of immigration consequences. And Manirabaruta also alleges counsel was ineffective concerning a motion in arrest of judgment in FECR131799.

**II.     Standard of Review**

We review ineffective-assistance-of-counsel claims de novo, as ineffective-assistance-of-counsel claims raise constitutional issues.  *See State v. Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019).

**III.     Discussion**

Ineffective-assistance-of-counsel claims require proof that "counsel failed an essential duty and that failure resulted in prejudice."  *Id.* (quoting *State v. Schlitter*, N.W.2d 380, 388 (Iowa 2016), *abrogated on other grounds by State v. Crawford*, 972 N.W.2d 189 (Iowa 2022)); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The applicant must prove both by a preponderance of the evidence.  *Id.*

Breaching an essential duty requires "counsel mak[ing] such essential serious errors that counsel is not functioning as the advocate the Sixth Amendment guarantees."  *Slothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).  We presume counsel has performed with competence, and the presumption is overcome if the applicant proves their "counsel's performance fell below the normal range of competency."  *Id.* (quoting *Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018)).

Prejudice in context of a guilty plea in a criminal case requires the applicant demonstrate "that there is a reasonable probability that, but for counsel's errors [he] would not have pleaded guilty."  *Id.* at 523 (quoting *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021)).  Although an applicant must prove both ineffective assistance and prejudice, we need not address both elements if one is not established.  *Id.* at 522.  "If the claim lacks prejudice, it can be decided on that

ground alone without deciding whether the attorney performed deficiently." *Id.* (quoting *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001)).

In cases where there are potential immigration issues, to provide effective representation, counsel must inform their client of possible consequences "including removal, exclusion, bars to relief from removal, immigration detention, denial of citizenship, . . . adverse consequences to the client's immediate family," and "specific statutory consequences." *Diaz v. State*, 896 N.W.2d 723, 732 (Iowa 2017); *see Clarke v. State*, No. 23-1288, 2025 WL 406398, at *2 (Iowa Ct. App. Feb. 5, 2025); *see also Padilla v. Kentucky*, 559 U.S. 356, 374 (2010).

Regarding FECR131799, Manirabaruta has failed to prove by a preponderance of the evidence that he was not informed of immigration consequences. At the plea hearing, counsel stated that both he and counsel in the other case "have both discussed with [Manirabaruta] at length potential immigration consequences . . . including exclusion and removal and also being held pending removal actions." The district court questioned Manirabaruta if he had enough time to think about the potential consequences and if he had received advice about the consequences, to which Manirabaruta responded in the affirmative. Manirabaruta did not voice any concerns relating to the immigration-related advice at the plea hearing.

Our appellate record demonstrates that Manirabaruta received sufficient advice on the potential immigration consequences and that he understood the same. Presuming counsel performed competently, as required, we find no breach of an essential duty; we do not address the prejudice element. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012); *see Strickland*, 466 U.S. at 687, 697.

Manirabaruta also claims counsel was ineffective by refusing to timely move in arrest of judgment in FECR131799. We agree with the district court that even if the initial attorney was ineffective by not filing the motion or the next attorney was ineffective by filing an untimely motion, Manirabaruta is unable to demonstrate the requisite prejudice. Because Manirabaruta failed to show that he was deficiently informed of immigration consequences, the motion in arrest of judgment lacked merit. Manirabaruta has failed to demonstrate "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) (quoting *Strickland*, 466 U.S. at 694)). Because we find Manirabaruta was not prejudiced, this claim of ineffective assistance fails. *See* 466 U.S. at 697.

We turn next to Manirabaruta's claim of ineffective assistance in FECR124304. On our review of the record, we agree with the district court that Manirabaruta's claim is unsupported.

Manirabaruta asserted at the PCR hearing that he was told by his attorney that he "wouldn't have a problem with immigration" after pleading guilty. This claim is belied by the record of the plea and sentencing hearing. Manirabaruta stated he obtained advice from counsel about immigration consequences. He also stated he understood the judge's explanation that "there was a very good chance [the conviction] would potentially prevent [him] from becoming a citizen, prevent [his] reentry if [he] le[ft] the U.S., prevent [him] from renewing a green card and potentially result in [his] detention and deportation," indicating his counsel had previously advised him of these consequences. Because Manirabaruta stated that he understood the potential immigration consequences stemming from his plea

and confirmed his counsel advised him of these consequences, we find his claim to be meritless. We conclude Manirabaruta has failed to prove a breach of an essential duty by counsel and need not address the prejudice prong.

We affirm the district court's denial of postconviction relief.

**AFFIRMED.**